Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
Jennifer R. Lloyd, Esq.
Nevada Bar No. 9617
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rr@h2law.com
Email: jl@h2law.com
Email: jwf@h2law.com

*Attorneys for Defendant*
*Natural Life Inc. d/b/a*
*Heart and Weight Institute*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| QIANA MOORE, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NATURAL LIFE INC., a Nevada corporation, d/b/a/ HEART AND WEIGHT INSTITUTE,<br><br>　　　　　Defendant. | **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1331, 1441(a), and 1446, Defendant, NATURAL LIFE INC. d/b/a HEART AND WEIGHT INSTITUTE ("Defendant" or "Natural Life"), without waiving any objection as to the sufficiency of service, hereby removes this civil action from the Eighth Judicial District Court in and for Clark County, Nevada (the "Nevada District Court") to this Court.  In support of removal, Defendant states the following:

**Background and Procedural History**

1.　　On July 14, 2019, Plaintiff Qiana Moore ("Plaintiff" or "Moore") filed a Complaint in the Nevada District Court, styled *Qiana Moore vs. Natural Life Inc. d/b/a/ Heart and Weight Institute,* Case No. A-19-798473-C, Department 31.  The Complaint claims that Plaintiff was employed by Defendant and that she suffered unlawful harassment and discrimination based on her race and sex.  The Complaint contains a single cause of action that asserts violations of the

1

Civil Rights Act of 1866 against Defendant, pursuant to 42 U.S.C. § 1981(a).

2. On September 12, 2019, the Nevada District Court issued a Summons to Defendant.

3. Plaintiff's initial attempts at serving Defendant were unsuccessful.

4. On October 9, 2019, Plaintiff moved the Nevada District Court, pursuant to Nev. R. Civ. P. 4.2(c)(3) for an order permitting Plaintiff to serve the Summons and Complaint on the Nevada Secretary of State instead of on Defendant.

5. On November 20, 2019, the Nevada District Court entered an order (the "Order") permitting Plaintiff to serve the Summons and Complaint on the Nevada Secretary of State instead of on Defendant.

6. On November 25, 2019, Defendant's undersigned counsel received a letter from Plaintiff's counsel that included copies of Summons and Complaint.

7. True and accurate copies of the letter, Order, Summons, and Complaint are attached hereto as **Exhibit A**.

### Removal is Proper

8. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9. The Complaint asserts a single cause of action alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981(a).

10. This court has original jurisdiction over all civil actions arising under the laws of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

11. Because the Complaint asserts a cause of action that arises under the laws of the United States, removal is proper under 28 U.S.C. § 1441(a).

### Removal is Timely

12. The 30-day removal period under 28 U.S.C. § 1446(b) is triggered when service is

properly effected. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999). As set forth above, on November 20, 2019, the Nevada District Court entered an order permitting Plaintiff to serve the Summons and Complaint on the Nevada Secretary of State instead of on Defendant, and on November 25, 2019, Defendant's undersigned counsel received a letter from Plaintiff's counsel that included copies of Summons and Complaint.

13. The 30-day removal period does not begin, however, when a statutorily designated agent, like the Nevada Secretary of State receives the complaint, but rather, when the defendant actually receives the complaint. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128-1130 (9th Cir. 2019) ("We join the Fourth Circuit and hold that the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when State Farm actually received the Andersons' complaint"); *Youren v. State Farm Mut. Auto Ins. Co.*, No. 2:14-CV-00117-JAD, 2014 WL 2772105, at *3 (D. Nev. June 18, 2014) (holding, "when service is made through a statutorily designated agent for service of process like Nevada's Commissioner of Insurance, 28 U.S.C. § 1446's 30–day removal period begins to run upon the defendant's actual receipt of service").

14. As set forth above, Defendant's counsel received the Summons and Complaint on November 25, 2019. Removal is timely because it has occurred less than 30 days after receipt of the Complaint by Defendants by service or otherwise, pursuant to 28 U.S.C. § 1446(b).

**The Statutory Requirements Are Satisfied**

15. The Nevada District Court is located in the District of Nevada. Therefore, removal to this judicial district is proper pursuant to 28 U.S.C. § 1446(a).

16. As noted above, this removal is made without waiver by Defendant of any objection to service. Nevertheless, this Notice of Removal is filed within the time limit set forth in 28 U.S.C. § 1446(b).

17. A copy of all process, pleadings, and orders from the Nevada District Court is attached hereto as **Exhibit A**.

18. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will provide written notice to Plaintiff's attorneys of record, and shall file a copy of

3

this Notice of Removal with the Nevada District Court.

Dated: this 19th day of December, 2019

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan W. Fountain
Robert L. Rosenthal, Esq.
Jennifer R. Lloyd, Esq.
Jonathan W. Fountain, Esq.
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: rr@h2law.com
Email: jl@h2law.com
Email: jwf@h2law.com

*Attorneys for Defendant
Natural Life Inc. d/b/a
Heart and Weight Institute*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I caused a true and accurate copy of the foregoing document entitled, NOTICE OF REMOVAL, to be filed and served by first-class, United States mail, postage prepaid, upon the following:

Robert P. Spretnak, Esq.
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123

Dated: this 19th day of December, 2019

                                    /s/ Solana Louie
                              HOWARD & HOWARD ATTORNEYS PLLC

4832-6792-9262, v. 1