LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Qiana Moore, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

QIANA MOORE,                                    )      Case No.:  2:19-cv-02185-JAD-DJA
                                                )
                    Plaintiff,                  )
                                                )
      vs.                                       )
                                                )
NATURAL LIFE INC., a Nevada corporation,        )      **FIRST AMENDED COMPLAINT**
dba HEART AND WEIGHT INSTITUTE,                 )
                                                )      **(JURY DEMANDED)**
                    Defendant.                  )

Plaintiff QIANA MOORE states as follows:

**Jurisdiction and Venue**

1.      This is an action for damages arising under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

2.      This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(4) (civil rights action).

3.      All material allegations relative to the named defendant that is contained within this complaint are believed to have occurred in the State of Nevada, in the County of Clark;  therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

**General Allegations**

4.      Plaintiff QIANA MOORE is a citizen of the State of Nevada.  She is a resident  of Clark County, Nevada.

5.      Defendant NATURAL LIFE INC., is a corporation organized under the laws of the

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A  PROFESSIONAL  CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 8

State of Nevada.  Defendant has transacted and conducted business in Clark County, Nevada, from its business location of 2235 E. Flamingo Road, Suite 113, Las Vegas, Nevada 89119.

6.      Defendant NATURAL LIFE INC. conducts business under the name of HEART AND WEIGHT INSTITUTE.

7.      Defendant employed QIANA MOORE from October 20, 2012, until November 1, 2015.

8.      On August 11, 2015, QIANA MOORE filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC"), which was assigned NERC Charge No. 0811-15-0484L.  Her Charge of Discrimination was filed jointly with the United States Equal Employment Opportunity Commission ("EEOC") and assigned EEOC Charge No. 34B-2015-01167.

9.      In this first Charge of Discrimination, QIANA MOORE alleged that Defendant was subjecting her to unlawful discrimination in her workplace on account of her race (black/African-American) and, additionally, on account of her sex (female).

10.     A true and correct copy of this first Charge of Discrimination (NERC Charge No. 0811-15-0484L and EEOC Charge No. 34B-2015-01167) is attached as Exhibit 1.

11.     The particulars events that occurred that gave rise to EEOC Charge No. 34B-2015-01167, as this pertains to Ms. Moore's allegations of unlawful race discrimination and disparate treatment on account of her face (black/African-American), were as follows:

a.      On or about October 20, 2012, Defendant hired QIANA MOORE for the position of Opener.

b.      Defendant subsequently promoted QIANA MOORE to the position of Sales Floor Manager.

c.      In November 2013, QIANA MOORE and co-worker Myesha Strain were discussing the issue of the death penalty.  Director/Sales Manager Jim Spencer interrupted this conversation and said, "I wish we could go back to the old days and hang black folks from a tree." Mr. Spencer is not black/African-American.

d.      Mr. Spencer's comment was racial/racist as it was a reference to the practice of "lynching" African-Americans by hanging them from trees.

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A  PROFESSIONAL  CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 8

e.   QIANA MOORE and Ms. Strain then complained to Konstantin Stoyanov about Mr. Spencer's racial/racist comment.

f.   Mr. Stoyanov, at all times relevant to this matter, was the President of Defendant.

g.   Mr. Stoyanov took no action to address the issue of Mr. Spencer making racist comments in the workplace in the presence of QIANA MOORE.

h.   Mr. Spencer then continued to make racial/racist comments.  The following are examples.  Mr. Spencer would sing songs about slavery.  Mr. Spencer would use the racial/racist epithet "coon baby," a racial slur against African-Americans.  In March 2015, Mr. Spencer told Customer Representative Laurie Bass (who is not black/African-American) that she was working downstairs in the "slums."   The majority of employees working in the downstairs portion of Defendant's business location were black/African-American.

i.   On or about May 20, 2015, Mr. Spencer bought deli sandwiches for the employees who worked in the upstairs portion of Defendant's business location.  The employees who worked upstairs, for the most part, were white/Caucasian.  For the employees in the downstairs portion of Defendant's business location, again the majority of whom were black/African-American, Mr. Spencer provided fried chicken.  This was in conformance with the stereotype of black/African-American individuals eating a disproportionate amount of fried chicken.

j.   In June 2015, Mr. Spencer stated to QIANA MOORE that he saw her "working" on Boulder Highway, falsely accusing her of being a prostitute.  Mr. Spencer did not make such vile comments to white employees.

k.   On July 9, 2015, QIANA MOORE complained to Human Resources and to Mr. Stoyanov about Mr. Spencer.

l.   Mr. Stoyanov told QIANA MOORE to "stop the organized hate" against Mr. Spencer.

m.   Mr. Stoyanov then threatened QIANA MOORE with termination.

12.   Human Resources Manager Gina Niest conducted in an investigation into Ms. Moore's internal complaint of unlawful discrimination and harassment in Defendant's workplace.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 8

13. Mr. Spencer admitted to Ms. Niest that he was engaged in behavior towards QIANA MOORE that was racially inappropriate. He admitted singing a song that used the word "coon" in reference to African-Americans. He admitted accusing QIANA MOORE of working as a prostitute on Boulder Highway, an accusation he never made to a white employee. He also admitted to making sexually inappropriate comments to other female employees. Defendant, however, did not believe that these comments and remarks were discriminatory, racially harassing, or sexually harassing.

14. Defendant allegedly suspended Mr. Spencer for his behavior commencing on July 20, 2015, but Mr. Spencer continued to have contact with Defendant's employees throughout the period he was allegedly suspended.

15. After QIANA MOORE filed her initial Charge of Discrimination on August 11, 2015, Mr. Stoyanov called QIANA MOORE into his office. He loudly and angrily berated her. He said, "You Motherfucker. You filed a Charge on me. This old man," referring to Mr. Spencer, "is going to be retired and I will still have to deal with" this. Mr. Stoyanov did not use such vile and unprofessional language with white employees.

16. On November 2, 2015, QIANA MOORE filed a second Charge of Discrimination with the NERC, which was assigned NERC Charge No. 1102-15-0678L. This second Charge of Discrimination was filed jointly with the EEOC and assigned EEOC Charge No. 34B-2016-00135.

17. In this second Charge of Discrimination, QIANA MOORE alleged that Defendant had subjected her to unlawful retaliation in her workplace because of the allegations of race discrimination and racial harassment set forth in her prior Charge of Discrimination referenced above (EEOC Charge No. 34B-2015-01167).

18. A true and correct copy of this Charge of Discrimination (NERC Charge No. 1102-15-0678L and EEOC Charge No. 34B-2016-00135) is attached as Exhibit 2.

19. The particulars events that occurred that gave rise to EEOC Charge No. 34B-2016-00135, as this pertains to Ms. Moore's allegations of unlawful race-based retaliation in response to her prior allegations of racial discrimination and racial harassment, were as follows:

a. On October 14, 2015, Defendant's President, Mr. Stoyanov, offered QIANA MOORE a new office that would include no contact with Mr. Spencer, on the condition that she drop

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 8

1   her then-pending Charge of Discrimination against Defendant.

2           b.     On October 19, 2015, QIANA MOORE advised Mr. Stoyanov that she would

3   not accept Defendant's offer.

4           c.     On November 1, 2015, Defendant terminated the employment of QIANA

5   MOORE.

6           d.     Defendant gave no reason to QIANA MOORE for the decision to terminate

7   her employment.

8        20.     On July 7, 2016, the NERC issued its Determination with regard to this First Charge

9   of Discrimination.  In the Determination, the NERC found that "probable cause supports the charge

10  of racial harassment and sexual harassment."  A true and correct copy of this Determination is

11  attached as Exhibit 3.

12  **<u>First</u> <u>Claim</u> for <u>Relief</u>**

13  *Civil rights violation pursuant to the Civil Rights Act of 1866:  Race discrimination*

14       21.     QIANA MOORE repeats the allegations contained in paragraphs 1 to 20, *supra*.

15       22.     QIANA MOORE is of the black/African-American race.

16       23.     It is the law of the United States  that all persons shall have the right "to make and

17  enforce contracts," including contracts of employment, as is enjoyed by white citizens.

18       24.     By firing QIANA MOORE on account of her race, on or around November 1, 2015,

19  Defendant violated 42 U.S.C. § 1981(a) because it engaged in unlawful race-based discrimination

20  and disparate treatment of QIANA MOORE and other African-American employees;  thus,

21  Defendant did not allow QIANA MOORE, an African-American, the same rights to make, enforce,

22  or enjoy the benefits of their contracts of employment as was given to white/Caucasian employees.

23       25.     Because Defendant unlawfully violated 42 U.S.C. § 1981(a) by engaging in unlawful

24  race-based discrimination against QIANA MOORE, an African-American employee, Defendant

25  must pay QIANA MOORE damages in an amount to be determined at trial, for backpay, frontpay,

26  lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental

27  anguish and loss of enjoyment of life.

28       26.     Because Defendant has been guilty of oppression, fraud or malice, express or implied,

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 8

it must pay QIANA MOORE an additional amount for the sake of example and by way of punishment.

27.     QIANA MOORE has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of 42 U.S.C. § 1981(a);  therefore, she is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

**<u>Second Claim for Relief</u>**

*Civil rights violation pursuant to the Civil Rights Act of 1866:  Racial harassment*

28.     QIANA MOORE repeats the allegations contained in paragraphs 1 to 27, *supra*.

29.     By subjecting QIANA MOORE to race-based harassment on account of her race, commencing by November 2013, when Mr. Spencer made his comment about lynching African-Americans and hanging blacks from trees; and continuing past August 11, 2015, when Mr. Stoyanov loudly berated an African-American female calling QIANA MOORE "you motherfucker" for filing an EEOC Charge;  Defendant violated 42 U.S.C. § 1981(a) because it engaged in unlawful race-based harassment of QIANA MOORE and other African-American employees; thus, Defendant did not allow QIANA MOORE, an African-American, the same rights to make, enforce, or enjoy the benefits of their contracts of employment as was given to white/Caucasian employees.

30.     Because Defendant unlawfully violated 42 U.S.C. § 1981(a) by engaging in the unlawful race-based harassment of QIANA MOORE, an African-American employee, Defendant must pay QIANA MOORE damages in an amount to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

31.     Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay QIANA MOORE an additional amount for the sake of example and by way of punishment.

32.     QIANA MOORE has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of 42 U.S.C. § 1981(a);  therefore, she is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

. . . .

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

**Third Claim for Relief**

*Civil rights violation pursuant to the Civil Rights Act of 1866:  Race-based retaliation*

33.     QIANA MOORE repeats the allegations contained in paragraphs 1 to 32, *supra*.

34.     By firing QIANA MOORE on or around November 1, 2015, in retaliation for QIANA MOORE filing a Charge of Discrimination with the EEOC based on her race of African-American, Defendant violated 42 U.S.C. § 1981(a) because it engaged in unlawful race-based discrimination and disparate treatment of QIANA MOORE;  thus, Defendant did not allow QIANA MOORE, an African-American, the same rights to make, enforce, or enjoy the benefits of their contracts of employment as was given to white/Caucasian employees.

35.     Because Defendant unlawfully violated 42 U.S.C. § 1981(a) by engaging in unlawful race-based discrimination against QIANA MOORE, an African-American employee, Defendant must pay QIANA MOORE damages in an amount to be determined at trial, for backpay, frontpay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

36.     Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay QIANA MOORE an additional amount for the sake of example and by way of punishment.

37.     QIANA MOORE has had to procure the services of an attorney to protect her rights and to secure compensation for damages incurred as a result of these violations of 42 U.S.C. § 1981(a);  therefore, she is entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff QIANA MOORE demands that her case be tried before a jury and she prays that the following judgment be entered against Defendant NATURAL LIFE INC., a Nevada corporation:

1.     Monetary damages in an amount to be determined at trial, based on her rate of pay during her employment, which continue to accrue;

2.     An award of interest on the amount awarded and owed;

3.     Punitive damages;

4.     An award of attorneys' fees and costs;  and

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

5.     Any further relief that this Court deems just.

DATED:  13 February 2020.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
        Robert P. Spretnak, Esq.

Attorney for Qiana Moore, Plaintiff

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

## CERTIFICATE OF SERVICE

I certify that on February 13, 2020, I caused to be served, through the CM/ECF electronic filing system of the United States District Court for the District of Nevada, a true and correct copy of the above and foregoing **First Amended Complaint** to the parties of interest identified as follows:

Robert L. Rosenthal, Esq. (rr@h2law.com)
Jennifer R. Lloyd, Esq. (jl@h2law.com)
Jonathan W. Fountain, Esq. (jwf@h2law.com)
Howard & Howard
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169

/s/ Robert P. Spretnak
On behalf of the Law Offices of Robert P. Spretnak

THE  LAW  OFFICES  OF
ROBERT P. SPRETNAK
A   PROFESSIONAL   CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123