# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Qiana Moore,

      Plaintiff

v.

Natural Life Inc., a Nevada corporation, d/b/a
Heart and Weight Institute,

      Defendant

Case No.: 2:19-cv-02185-JAD-DJA

**Order Denying Defendant's Motion to
Dismiss or for Summary Judgment and
Granting Plaintiff's Motion to Strike**

[ECF Nos. 40, 46]

Plaintiff Qiana Moore is a Black woman who worked at Natural Life Inc. d/b/a Heart and

Weight Institute until November 2015, when she was fired after filing formal charges of

discrimination against her employer.[1]  Moore claims that Natural Life retaliated against her for

complaining about racial discrimination and harassment in the workplace, and she sues the

company for multiple violations of the Civil Rights Act of 1866 under 42 U.S.C. § 1981.

Prompted by Moore's decision to refrain from serving discovery requests, Natural Life moves to

dismiss her suit for lack of prosecution or, in the alternative, for summary judgment, arguing that

she will be unable to prove her claims at trial.[2]  The company also attaches to its reply brief

evidence contradicting Moore's claims.[3]  Maintaining that discovery in this matter would be

pointless, Moore rests her case on her testimony about working at Natural Life, and she asks me

to strike the company's new evidence because it was not produced before the close of

discovery.[4]  I grant Moore's motion to strike and deny Natural Life's motions—Moore is not

---

[1] ECF No. 27 (first amended complaint).

[2] ECF No. 40 (motion to dismiss or, in the alternative, for summary judgment).

[3] ECF No. 45.

[4] ECF No. 46 (motion to strike).

required to take discovery from Natural Life, and her uncontroverted testimony to support her claims is sufficient to overcome summary judgment.

## Discussion

## I.    Motion to strike [ECF No. 46]

Moore moves to strike two exhibits attached to Natural Life's reply brief, arguing that (1) Natural Life failed to abide by Federal Rule of Civil Procedure 26's requirements; (2) the documents represent "new evidence," impermissible in a reply brief; and (3) the documents are unauthenticated and inadmissible. Rule 26(a) requires defendants to make initial disclosures, which includes providing a copy of documents that it "may use to support its claims or defenses, unless the use would be solely for impeachment," within fourteen days of the parties' Rule 26(f) conference.[5] That rule also imposes an affirmative obligation on the defendant to timely supplement those disclosures should it learn that its disclosures are "incomplete or incorrect."[6] And Rule 37 gives those requirements teeth, granting district courts considerable discretion to limit the use of that evidence unless the failure to make those disclosures "was substantially justified or is harmless."[7]

Natural Life does not dispute that it violated Rule 26 by failing to make its initial disclosures or provide copies of this evidence to Moore before the close of discovery.[8] The federal rules and this court's ordered deadlines are designed to assist in the management of cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the

---

[5] Fed. R. Civ. P. 26(a)(1)(A)(ii).

[6] *Id.* at 26(e)(1)(A).

[7] *Id.* at 37(c).

[8] ECF No. 47 at 2.

trial is improved, and settlement is facilitated."[9]  In *Lanard Toys Ltd. v. Novelty, Inc.*, the Ninth

Circuit directed courts to consider the following factors when determining whether to impose a

Rule 37 sanction for failure to abide by Rule 26's requirements: "prejudice or surprise to the

party against whom the evidence is offered," the ability to "cure" that prejudice, the "likelihood

of disruption of the trial," and the "bad faith or willfulness involved" in not timely disclosing the

evidence.[10]  Natural Life does not attempt to show that it was substantially justified in not

disclosing these materials, and instead argues that Moore will not be surprised by this evidence

because it comes from her personnel file.  But there is little question that this evidence—

produced for the first time in support of Natural Life's summary judgment reply briefing—would

surprise and prejudice Moore.  Moore cannot challenge the exhibits and has not necessarily seen

them before.  I also find that the failure to make any initial disclosures, as required by these

rules, demonstrates willful behavior designed to disrupt the efficient resolution of this matter.[11]

So I do not consider this new evidence in the company's reply brief[12] and grant Moore's motion

to strike.

---

[9] *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

[10] *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (unpublished).

[11] While I do not find that Natural Life has acted in bad faith by failing to produce these documents, I advise the parties to comply with the federal rules and to produce evidence and identify witnesses relevant to this matter.

[12] I also decline to consider at this time whether Natural Life is barred from presenting this evidence at trial.

3

## II.    Dispositive motions

### A.    Motion to dismiss for failure to prosecute

Federal Rule 41(b) and this court's local rules permit a defendant to move for involuntary dismissal when a plaintiff fails to prosecute her case.[13]  Dismissal is appropriate in this district if more than 270 days have passed "without any proceeding of record having been taken."[14]  In *Pagtalunan v. Galaza*, the Ninth Circuit directed courts to consider the following factors when ruling on a Rule 41(b) involuntary-dismissal motion: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice [to the defendants], (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on their merits."[15]  "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."[16]

Not only is Natural Life's motion premature by 228 days, but none of the *Pagtalunan* factors weigh in favor of dismissal.  I am guided by a strong preference for the disposition of cases on their merits, and there is nothing in the record indicating that Moore has delayed this case, Natural Life is likely to be prejudiced by any delay, or this case is unreasonably cluttering my docket.  As Natural Life concedes, the dispositive-motion deadline for this matter was the same day it filed this motion.[17]  And while Moore has declined to take discovery in this matter, that does not mean her case should be dismissed for failure to prosecute; she merely believes that

---

[13] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); L.R. 41-1.

[14] L.R. 41-1.

[15] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[16] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[17] ECF No. 37 at 1.

discovery is unnecessary for her success at trial. I decline Natural Life's invitation to penalize Moore for her strategic decisions in this lawsuit and deny Natural Life's motion to dismiss.

## B.     Motion for summary judgment

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[18] Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[19] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[20] If the moving party satisfies its burden, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[21] The court must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party.[22]

Moore alleges three theories of wrongdoing under § 1981: racial discrimination, racial harassment, and race-based retaliation.[23] Each of these theories requires a plaintiff to prove different elements[24] and show "that, but for race, [she] would not have suffered the loss of a

---

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[19] *See id.* at 322 (citing Fed. R. Civ. P. 56(c)).

[20] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[21] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

[22] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[23] ECF No. 27.

[24] Like a Title VII employment-discrimination claim, a § 1981 racial-discrimination claim requires evidence that: (1) the plaintiff "belongs to a protected class," (2) she was "performing according to her employer's legitimate expectations," (3) she "suffered an adverse[-]employment action," and (4) "similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment give rise to an inference of discrimination." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017); *El-Hakem v. BJY Inc.*,

legally protected right."[25]  Natural Life does not specifically challenge Moore's showing on each element of each theory, and instead argues that she (1) failed to conduct discovery and will be unable to prove her claims; and (2) lacks evidence showing that she met Natural Life's legitimate expectations, she was treated differently than similarly situated employees, or that racial animus motivated her termination.[26]  Moore responds by submitting an affidavit swearing to her treatment at Natural Life, and she asks me to consider her EEOC and NERC charges-of-discrimination and determinations.[27]

Construing these facts in Moore's favor, I find that genuine disputes of material fact preclude summary judgment on her racial-discrimination, harassment, and retaliation theories. Moore's affidavit shows broad support for her claims, and she specifically states that Natural Life employees treated Black and Caucasian employees differently;[28] that she had been meeting her employer's expectations, as demonstrated by her promotion to floor manager;[29] and that her termination was without cause, following closely on the heels of her complaints about the

---

[25] 415 F.3d 1068, 1074 n.2 (9th Cir. 2005) ("[T]he 'legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action.'") (quoting *Manatt V. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003) (citations omitted)).  A retaliation claim under § 1981 requires a plaintiff to allege that she "engaged in a protected activity," "suffered a materially adverse action," and that "there was a causal relationship between the two."  *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).  Construing Moore's racial-harassment claim as a hostile-work-environment claim, Moore must prove a genuine issue of material fact as to whether she "was subjected to verbal or physical conduct of a racial nature," "the conduct was unwelcome," and the conduct "was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment."  *Reynaga*, 847 F.3d at 686 (ellipses and citation omitted).

[25] *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

[26] ECF Nos. 40 at 9–11; 45 at 10.

[27] ECF No. 44-1.

[28] *Id.* at 3.

[29] *Id.* at 5, 10.

company's racist employees.[30]  While the Ninth Circuit has held that "conclusory, self-serving affidavit[s], lacking detailed facts and any supporting evidence" do not create genuine issues of material facts, that is not the case here—Moore has provided detailed allegations that are supported by specific facts and a NERC determination that she suffered a racially motivated termination.[31]  Natural Life does not provide any evidence that might foreclose Moore's ability to prove these elements.  Additionally, although I do not consider the evidence submitted in support of Natural Life's reply brief, if I did, it would only confirm my decision; it directly contradicts Moore's testimony that she met her employer's legitimate expectations.  This is a classic dispute of fact for which summary judgment is ill-suited.  So I deny Natural Life's motion.

## Conclusion

IT IS THEREFORE ORDERED that Natural Life motion to dismiss or, in the alternative, for summary judgment **[ECF No. 40] is DENIED.**

IT IS FURTHER ORDERED that Moore's motion to strike **[ECF No. 46] is GRANTED.**

IT IS FURTHER ORDERED that this case is REFERRED to the magistrate judge for a settlement conference.  The parties' obligation to file their proposed joint pretrial order is STAYED until 10 days after the conference.

_____

U.S. District Judge Jennifer A. Dorsey
Dated: June 18, 2021

---

[30] *Id.* at 5.

[31] Natural Life asks me to exclude this evidence on hearsay grounds, but I exercise my "sound discretion" and decline to do so at this stage.  *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984).  Natural Life may renew this request before trial.